■ DOUGLAS H. BRUETTE, as Administrator of the Estate of MARIE T. BRUETTE, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 44005.)—Appeal from a judgment, entered August 1, 1967, upon a decision of the Court of Claims which dismissed the claim. On April 5, 1964 at about 8:00 P.M. claimant was operating his automobile in an easterly direction on New York State highway 348 in the Town of Chazy, Clinton County. Riding in the front seat with him was his wife. The highway in question was straight, running generally east and west and downgrade towards the Delaware and Hudson Railroad track which intersected it at a right angle. Claimant testified that when he was some 70 feet west of the track and traveling about 30 miles per hour, he observed the flashing signal lights and applied his brakes lightly; when 40 feet west, he applied his brakes with full force; that his car began to skid and it later came in contact with a northbound train. His wife was thrown from the car and instantly killed. This claim for wrongful death alleges that the State was negligent in placing and allowing to collect large amounts of sand and gravel on the highway west of the Delaware and Hudson Railroad track, causing a trap and hazardous condition. Specifically, the claimant maintains that because of the sand and gravel placed on the highway by the State his vehicle was caused to skid and he was unable to stop it before colliding with the train. The record establishes that on April 2 it had snowed, resulting in an accumulation of four inches; that during the next two days through midnight on April 4 the snow plows and sand trucks were working and sand was placed on the highway in the area in question. Following a trial, the court found that there was not an inordinate amount of sand placed on the highway. The court further found there was no negligence on the part of the State and dismissed the claim. This appeal ensued. We agree with the trial court and affirm its decision. Under the circumstances, the State had the right and duty to sand the highway. There is ample evidence in the record to sustain the court's factual determination that the sanding was not done in a negligent manner, nor was it the proximate cause of the accident. Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.